PEOPLE ex rel. MARINELLO v. SCIACCA ASS'N IN NEW YORK.

(Supreme Court, Appellate Division, First Department. December 31, 1900.)

BENEFICIAL ASSOCIATIONS—SUSPENSION OF MEMBERS—WAIVER OF RIGHT.

> Where a beneficial society, after the imposition on a member of a fine, accepts membership dues from him, it waives its right to suspend him for refusal to pay such fine, since, if it intended to insist on the right to expel for nonpayment of the fine, it ought not to have accepted dues thereafter accruing.

Appeal from special term, New York county.

Application by the people, on relation of Stefano Marinello, against the Sciacca Association in New York, for mandamus to compel defendant to restore him to membership. From an order denying the writ, relator appeals. Reversed and writ granted.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Martin Wechsler, for appellant.

Achille J. Oishel, for respondent.

O'BRIEN, J. The relator was a member of the Sciacca Association, and in January, 1899, was taken ill, and claimed some sick benefits which were refused upon the ground that having for a time prior to his illness been in arrears for dues, which he had finally paid, he was not entitled, under the by-laws, to receive sick benefits until 30 days had elapsed after he had regained his status as a member of the society in good standing. Upon this refusal the relator threatened the association with suit, and was then notified that if he took such action he would be fined. Nevertheless, in March, 1900, he brought suit, but his case was dismissed; and thereafter he was fined $10, which he refused and neglected to pay, and as a result was suspended from membership. The petition to obtain reinstatement shows that the relator's action to recover the sick benefits was commenced and disposed of in March, 1900, and the fine was thereafter imposed; and notwithstanding the imposition of the fine, and the relator's refusal to pay it, the association accepted his dues for the months of April and May, and it was only when he tendered his dues for the month of June that he was informed they would not be received unless he paid in addition the $10 fine. Without deciding whether the power was given, under the by-laws, to impose the fine (which is doubtful), or whether a by-law which attempts to interfere with the right of members to resort to the court is valid (which raises the serious question whether or not such a by-law is against public policy), we prefer to rest our decision upon the ground that having imposed the fine, and thereafter received the dues for two successive months, the association waived any right it had to resort to the harsh remedy of ejecting the relator from the society, thus depriving him of all his privileges as a member. If the association intended to insist upon the payment of the fine, and the right to expel the relator for nonpayment of the same, it should not have accepted dues thereafter accruing.

Our conclusion being that the acceptance of the dues by the so-
ciety entitled the relator to his privileges as a member, the order
of the special term should be reversed, with $10 costs and disburse-
ments, and the motion for a peremptory writ of mandamus granted,
with $10 costs. All concur; INGRAHAM, J., in result.